UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
           :
EVGENY RYZHOV,           :
           :
         Plaintiff,           :
           :     23-CV-1072 (JMF)
    -v-           :
           :     ORDER
KONSTANTIN MALOFEYEV, et al.,           :
           :
         Defendants.           :
           :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On August 8, 2023, Plaintiff Evgeny Ryzhov filed a proposed default judgment and proposed certificate of default. ECF Nos. 23, 25. Ryzhov also filed two affidavits of service. The first affidavit of service states that the summons and complaint were personally delivered by a non-party to a "Ms. Anna" located in Moscow, Russia, who "stated [that she] was authorized to accept legal papers for [Defendant Tsargrad TV]." ECF No. 21. The second affidavit of service states that a non-party emailed the summons and complaint to Defendant Konstantin Malofeyev's attorney, mailed the summons and complaint to an address in Russia, and also states that a media outlet, "Current Time," published an article about the case. ECF No. 23. On August 16, 2023, the Court noted that it had "serious doubts that either service was proper" and ordered Plaintiff to show cause as to why service was proper and effective as to each Defendant. ECF No. 38. On August 28, 2023, Ryzhov filed a declaration in response to the Court's Order.

       As a preliminary matter, Ryzhov did not seek approval from the Court for alternate service. *See* Fed. R. Civ. P. 4(f)(3). Even if Ryzhov had, it is it doubtful that the requirements for alternate service would be met. In regard to Defendant Malofeyev, while Plaintiff relies on an email sent to Defendant Malofeyev's counsel, according to Plaintiff himself, Malofeyev's counsel stated that he "would [be] unlikely to represent Malofeyev in this case," ECF No. 39, at 5. Plaintiff relies on documents mailed to an address in Russia, but he does not specifically identify whether Fian 4-2, Puschino 142290, Russia is Defendant Malofeyev's domicile. Nor does Plaintiff grapple with the cases cited in the Court's August 16, 2023 Order explaining that "courts in this district have repeatedly rejected requests to approve service on Russian defendants through the international mail . . . because although Article 10 of the Hague Convention authorizes service 'by postal channels . . . absent any objection by the country in which the defendant is located,' Russia has objected to Article 10." *Fisher v. Petr Konchalovsky Found.*, No. 15-CV-9831 (AJN), 2016 WL 1047394, at *1 (S.D.N.Y. Mar. 10, 2016) (cleaned up). Plaintiff also notes that an article was published by "Current Time," but because the article is published in Russian and Plaintiff has provided no translation to the Court, the Court is unable to

assess the import of this supposed notice by publication.

Regarding Tsargrad TV, the Court's prior Order explained that "personal delivery is not permitted as to foreign *corporations*." *Bidonthecity.com LLC v. Halverston Holdings Ltd.*, No. 12 CV-9258 (ALC), 2014 WL 1331046, at *9 (S.D.N.Y. Mar. 31, 2014) (emphasis added); *see also* Fed. R. Civ. P. 4(h)(2) (providing that foreign corporations outside the United States may be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)"). Plaintiff does not explain why service via personal delivery on a corporation would be appropriate under Rule 4(f)(3) of the Federal Rules of Civil Procedure, even if Plaintiff had sought prior approval from the Court.

The Court would be on firm ground dismissing the case for failure to properly serve Defendants, but — in light of Plaintiff's *pro se* status — will give Plaintiff an opportunity to file a motion for alternate service (sufficient to overcome the possible deficiencies noted by this Order and the cases cited in the Court's August 16, 2023 Order) under Rule 4(f)(3) of the Federal Rules of Civil Procedure. Any such motion shall be filed within **30 days** of this Order.

SO ORDERED.

Dated: September 6, 2023
New York, New York

JESSE M. FURMAN
United States District Judge