UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVGENY RYZHOV,

               Plaintiff,

-against-

KONSTANTIN MALOFEYEV; TSARGRAD MEDIA,

               Defendants.

23-CV-1072 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

    Plaintiff Evgeny Ryzhov, a Russian national residing in Florida, brings this second amended complaint against Konstantin Malofeyev, who is also alleged to be a Russian national, and Tsargrad Media, a Russian company purportedly owned or controlled by Malofeyev. This matter is before the Court on Plaintiff's motion for alternate service on Defendants in Russia under Rule 4(f)(3) of the Federal Rules of Civil Procedure. ECF No. 42-43. For the reasons set forth below, the Court denies the motion for alternate service, without prejudice to renewal.

## BACKGROUND

    By order dated April 27, 2023, the Court directed the Clerk of Court to issue summonses for Defendants Malofeyev and "Tsargrad TV," which at the time was a named Defendant. On August 10, 2023, Plaintiff moved for entry of a default judgment against these Defendants, after making efforts to effect service on them in Russia by various means. *See* ECF Nos. 21-22, 33, 35-37. By order dated August 16, 2023, the Court denied Plaintiff's request for a certificate of default and ordered him to show cause in writing by August 30, 2023, why service was proper as to each Defendant. ECF No. 38. Plaintiff filed a declaration in response. *See* ECF No. 39. On September 6, 2023, the Court held that it would be "on firm ground dismissing the case for failure to properly serve Defendants" but granted Plaintiff an opportunity to file a motion for

alternate service in order to propose a method of service that would overcome the deficiencies identified in the Court's prior orders.  ECF No. 40.

Plaintiff then requested leave to file a second amended complaint to substitute Tsargrad Media, a nonpublic joint stock company, for Tsargrad TV, which he stated that he had learned is a television "channel and not an independent entity that could be sued."  ECF No. 41.  The Court granted this application, and on September 19, 2023, Plaintiff filed the operative Second Amended Complaint.  ECF No. 48.

Just before amending the complaint, on September 10, 2023, Plaintiff moved for an order, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, that would authorize three alternative means of service on Tsargrad Media and Malofeyev.  ECF Nos. 42-43.  First, Plaintiff proposes alternate service by email on Defendants Tsargrad Media and Malofeyev, both at the email address tsargradtv@gmail.com.[1]  Second, Plaintiff proposes service by publication, although he does not identify a particular manner of publication. Third, Plaintiff proposes service by registered mail through the domestic Russian Postal Service.

## DISCUSSION

When a defendant is outside the jurisdiction of the United States, Rule 4(f)(3) allows for service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).  A method of alternate service is acceptable if it "(1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process."  *U.S. S.E.C. v. China Intelligent Lighting & Elecs., Inc.*, No. 13-CV-5079 (JMF), 2014 WL 338817, at *1  (S.D.N.Y. Jan. 3, 2014) (citation omitted); *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508,

---

[1]     In his earlier application for a certificate of default, Plaintiff indicated that he had served Malofeyev by email using the email address of an attorney: pavel.kuzmin.personal@gmail.com. *See* ECF No. 39, at 5.

2

512 (S.D.N.Y. 2013) ("Rule 4(f)(3) requires only that service be authorized by a court and 'not prohibited by international agreement.' So long as those conditions are met, it should not, and does not, matter whether service was attempted pursuant to Rule 4(f)(1) or (2) and, if so, whether or why such service was unsuccessful." (citation omitted)). A proposed method of service comports with constitutional notions of due process when it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Luessenhop v. Clinton Cnty.*, 466 F.3d 259, 269 (2d Cir. 2006) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950)).

Here, as noted, Plaintiff proposes three methods of alternate service: (1) service by email; (2) service by publication; and (3) service by registered mail through the domestic Russian Postal Service. None of these methods is prohibited by international agreement, and the Court therefore considers whether, under the circumstances presented here, these means of alternate service comport with due process.

**A.      Alternate Service by E-Mail**

"[A]s a general matter, service via email for a defendant residing in Russia may qualify as an alternative means of service under Rule 4(f)(3)." *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913, 2015 WL 3457452, at *7 (S.D.N.Y. June 1, 2015). "[C]ourts have upheld service via e-mail [in] . . . cases [that] involved email addresses undisputedly connected to the defendants and that the defendants used for business purposes." *Id.* at *8. By contrast, serving a defendant via email addresses on a company's website is insufficient to provide a defendant with notice, absent evidence that a defendant "ever used or checked th[e] email address, for business purposes or otherwise, or that an e-mail sent to th[e] address would have been brought to [the defendant's] attention." *Id.*

In this case, Plaintiff alleges the following:

> Defendants actively use and maintain their email addresses. They even took legal action against Google over restrictions placed on their joint account, tsargradtv@gmail.com. *See Tsargrad Media v. Google*, No. A40-155367/20, ruled by the Arbitration Court of the City of Moscow.

ECF No. 43 ("Pl.'s Mem"), at 9. On this basis, Plaintiff argues that service of a summons and second amended complaint to the joint email address tsargradtv@gmail.com is reasonably calculated to apprise both Defendants of the pendency of this action.

The citation to this legal proceeding is insufficient to allow the Court to ascertain that serving Defendants at the email address tsargradtv@gmail.com would provide them sufficient notice of these proceedings. Plaintiff does not provide any of the pleadings or orders from the action in the City of Moscow Arbitration Court. The Court thus does not have sufficient evidence to confirm that the address is in current use, in fall 2023, by Defendants Malofeyev and Tsargrad Media for business purposes, and that an e-mail sent to tsargradtv@gmail.com will be brought to the attention of both Defendants. *See, e.g., Fortunato v. Chase Bank USA, N.A.*, No. 11-CV-6608 (JFK), 2012 WL 2086950, at *2 (S.D.N.Y. June 7, 2012) ("[I]n those cases where service by email has been judicially approved, the movant supplied the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address.").

Plaintiff's application to serve both Defendants by email to tsargradtv@gmail.com is therefore denied without prejudice to a new application, supported by affidavits or other appropriate evidence, showing that service on each Defendant to a particular email address is reasonably calculated, under all of the circumstances, to apprise them of the pendency of the action, and their opportunity to answer the second amended complaint. As the Court has previously noted, the Court will not consider any documents submitted in Russian unless accompanied by a certified translation.

B.   **Alternate Service by Publication**

Plaintiff does not propose any particular manner of service by publication.[2]   Plaintiff contends that Defendant Malofeyev is "a public figure and member of the board of trustees of the non-profit partnership Safe Internet League" and that he "owns a large department that constantly monitors the Internet and searches for publications, including those concerning Malofeyev and Tsargrad."  Pl.'s Mem. 12-13.   Plaintiff relies on *SEC v. HGI, Inc.*, No. 99-CV-3866 (DLC), 1999 WL 1021087 (S.D.N.Y. 1999), for the proposition that publication is an acceptable means of service when "the defendant is likely to read the newspaper in which the notice is published," particularly when a defendant is on notice that there may be a case against him.  *Id.* at 12.   Plaintiff also asserts that Defendant Malofeyev, because of his business activities, is likely to come across information on the Internet.  *Id.* at 13.

Plaintiff has not, however, identified any particular method of service by publication that he proposes to use, or provided details about any media outlet where he proposes to publish notice.  *See, e.g.*, *China Intelligent Lighting & Elecs., Inc.*, 2014 WL 338817 at *1 (denying motion for proposed service by publication of notice in the *International New York Times*, where plaintiff had failed to include facts showing that such publication would likely reach defendant, such as facts about the circulation of the publication (generally or within China), where in China it is distributed, and in what languages it is published).   Given that Plaintiff has failed to identify how he would effectuate service by publication, in what media outlets he would publish notice or

---

[2]   In his earlier motion for a default judgment, Plaintiff had argued that the publication of an article about this case on July 22, 2023, in the media outlet Current Time, "sort of" constituted service by publication.  ECF No. 39, at 7 (citing https://www.currenttime.tv/a/systema-sud-malofeyev/32514329.html).  In denying the motion for a certificate of default, the Court held, among other things, that because the article was in Russian and no translation had been provided, it could not conclude that publication of the article sufficed for service on either Defendant.  ECF No. 40, at 1-2.

5

for how long, and what facts suggest that publication in the proposed media outlet is likely to reach Defendants, the Court is unable to determine whether such substituted service would comport with due process. Plaintiff's application for substitute service by publication is therefore denied, without prejudice to renewal.

**C.     Alternate Service by Domestic Russian Postal Service**

Finally, Plaintiff proposes service on Defendants using the registered mail of the domestic Russian Postal Service, which Plaintiff indicates provides for online tracking of mail delivery. Pl.'s Mem. 11-12.[3] Plaintiff does not specify the address where he proposes to serve Defendants. The closest that Plaintiff comes to identifying a proposed address for mail service in his motion is his statement that "Defendants regularly utilize the Russian Post, listing their addresses on their official websites and forms." *Id.* at 12.

In one of the exhibits to his motion, Plaintiff indicates that Tsargrad Media has its principal place of business at 115093, Moscow, Partiyniy Lane, 1 b.57, p.3, floor 1, room I, room 45.[4] ECF No. 43-1. Plaintiff further indicates that Malofeyev "resides in Russia at Fian 4-2, Puschino 142290." *Id.* It appears that Plaintiff may be proposing registered mail service within Russia at these addresses, but he has not specifically so indicated.

Plaintiff also fails to provide sufficient information to show that service by registered mail to these addresses, assuming that is what Plaintiff is proposing, is reasonably calculated to

---

[3]     Service by international postal service is unavailable. *See, e.g.*, *Fisher v. Petr Konchalovsky Found.*, No. 15-CV-9831 (AJN), 2016 WL 1047394, at *1 (S.D.N.Y. Mar. 10, 2016) ("[C]ourts in this district have repeatedly rejected requests to approve service on Russian defendants through the international mail . . . because although Article 10 of the Hague Convention authorizes service 'by postal channels . . . absent any objection by the country in which the defendant is located,' Russia has objected to Article 10." (cleaned up)).

[4]     Plaintiff previously asserted that Tsargrad TV was personally served with the summons and complaint on July 4, 2023, at an address different from the new proposed address for Tsargrad Media. The prior address he provided for Tsargrad TV was the following: Novinskiy Bul. 11, off. 5-01, Moscow, 121099, Russia. ECF No. 39, at 5.

apprise Defendants of the pendency of the action. It is unclear how Plaintiff identified these addresses; whether the proposed address for Tsargrad Media is the address for its designated agent for service, if any; and how recently these addresses have been used, including whether Defendant Malofeyev is physically residing at the address provided for him. Because Plaintiff fails to establish that domestic mail service on Defendants at a particular address comports with due process, his motion for alternate service under Rule 4(f)(3) by domestic Russian registered mail is denied, without prejudice to renewal.

## CONCLUSION

Plaintiff's motion for an order, under Rule 4(f)(3) of the Federal Rules of Civil Procedure, authorizing alternative means of service on Defendants Tsargrad Media and Konstantin Malofeyev is denied, without prejudice to renewal within **thirty days of this Memorandum Opinion and Order**. The Clerk of Court is directed to terminate ECF No. 42. The Clerk of Court is further directed to correct the docket to reflect that the two Defendants named in the Second Amended Complaint, ECF No. 48, are Tsargrad Media (not Tsargrad TV) and Konstantin Malofeyev.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 21, 2023
        New York, New York

                                            JESSE M. FURMAN
                                            United States District Judge