```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
EVGENY RYZHOV,                                                 :
                                                               :
                            Plaintiff,                         :
                                                               :      23-CV-1072 (JMF)
            -v-                                                :
                                                               :   MEMORANDUM OPINION
KONSTANTIN MALOFEYEV et al.,                                   :        AND ORDER
                                                               :
                            Defendants.                        :
                                                               :
---------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, Plaintiff Evgeny Ryzhov, a Russian national residing in Florida, sues Konstantin Malofeyev, another Russian national, and Tsargrad Media, a Russian company purportedly owned or controlled by Malofeyev.  For the second time, Ryzhov moves, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, for an order permitting alternate service on Defendants in Russia.  ECF Nos. 52 ("Pl.'s Mem."); *see also* ECF No. 42-43, 49.

When, as here, a defendant is outside the United States, Rule 4(f)(3) allows for service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).  A method of alternate service is acceptable if it "(1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *U.S. S.E.C. v. China Intelligent Lighting & Elecs., Inc.*, No. 13-CV-5079 (JMF), 2014 WL 338817, at *1 (S.D.N.Y. Jan. 3, 2014) (citation omitted); *see Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 512 (S.D.N.Y. 2013) ("Rule 4(f)(3) requires only that service be authorized by a court and 'not prohibited by international agreement.'  So long as those conditions are met, it should not, and does not, matter whether service was attempted pursuant to Rule 4(f)(1) or (2) and, if so, whether

or why such service was unsuccessful." (citation omitted)). A proposed method of service comports with constitutional notions of due process when it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Luessenhop v. Clinton Cnty.*, 466 F.3d 259, 269 (2d Cir. 2006) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950)).

In his latest motion, Ryzhov proposes four methods of alternate service: (1) service by email; (2) service by registered mail through the domestic Russian Postal Service; (3) service by publication; and (4) service via social media. None of these methods of service is prohibited by international agreement, so the motion turns on whether they comport with due process.[1] The Court will address that question as to each Defendant in turn.

**A. Tsargrad Media**

The Court begins with Tsargrad Media. First, Ryzhov proposes to serve Tsargrad Media by registered mail through the domestic Russian Postal Service at the following address: 115093, MOSCOW, PARTIYNIY LANE, 1, B.57, P.3, FLOOR 1, PREMISES 1, ROOM 45. Pl.'s Mem. 13, 19. That address is listed for the company NPJSC "Tsargrad media" in the Russian Legal Entities Register. *See id.* at 58 (Ex. G). It is also listed on the Contacts page of Tsargrad Media's website. *See id.* at 51 (Ex. E). Additionally, Tsargrad Media has used the address in connection with court proceedings, including *Lavrentev vs Tsargrad Media*, which was resolved by the Arbitration Court of the City of Moscow earlier this year. *See id.* at 111-17 (Ex. H).

---

[1] Critically, Ryzhov proposes service through the *domestic* Russian Postal Service, not service by international postal service. The latter is unavailable. *See, e.g.*, *Fisher v. Petr Konchalovsky Found.*, No. 15-CV-9831 (AJN), 2016 WL 1047394, at *1 (S.D.N.Y. Mar. 10, 2016) ("[C]ourts in this district have repeatedly rejected requests to approve service on Russian defendants through the international mail . . . because although Article 10 of the Hague Convention authorizes service 'by postal channels . . . absent any objection by the country in which the defendant is located,' Russia has objected to Article 10." (cleaned up)).

Taken together, this evidence is sufficient to show that the address is a current and true address for Tsargrad Media. Accordingly, the Court finds that service by domestic registered mail to that address comports with due process as to Tsargrad Media. Out of an abundance of caution, however, Ryzhov shall **also** serve Tsargrad Media through the other means that he proposes, namely (1) by email sent to tsargradtv@gmail.com, info@tsargrad.tv, press@tsargrad.tv, and reference@tsargrad.tv; (2) by publication on the website of Current Time media, if permitted; and (3) by social media through (a) a posting on Ryzhov's account on VK (a Russian social media site) and (b) direct messaging Tsargrad Media's VK and Facebook accounts as well as Elena Sharoykina's Facebook account.[2] *See id.* at 19.

**B. Malofeyev**

By contrast, Ryzhov's motion with respect to Malofeyev is denied. First, in support of his assertion that "Malofeyev is dwelling at Fian 4-2, Puschino 142290, Russia," *id.*, he cites only an April 2022 notice issued by the United States Department of the Treasury's Office of Foreign Assets Control listing that address, *id.* at 13-14; *see also id.* at 128 (Ex. I), and his conclusory assertion that "Malofeyev refused to accept mail delivery" at that address in July 2023, *id.* at 14. That is not enough to confirm that the address is Malofeyev's current place of dwelling or that mailing to that address would be reasonably calculated to apprise him of the pendency of this action. Nor are the other methods that Ryzhov proposes. He does not propose an independent email address upon which to serve Malofeyev, instead relying on the email addresses identified for Tsargrad Media, *id.* at 9-10; and does not identify any media outlet that

---

[2]    Ryzhov does not list service upon Sharoykina's Facebook account among his proposed means of alternate service. But he represents that he communicated with her through Facebook Messenger regarding this action, *see* Pl.'s Mem. 10 & n.2, 17; *see also id.* at 177-79 (Ex. K), in support of his argument that "Tsargrad maintains a presence on both VK and Facebook," *see id.* at 17. Accordingly, he is directed to serve process on Tsargrad Media through her as well.

3

he can confirm will publish notice, let alone one likely to reach Malofeyev, *id.* at 15. That leaves only his proposal to serve Malofeyev through VK and Facebook, which even Ryzhov admits functions "only as a 'backstop' for service by other means," *id.* at 16 (citing *F.T.C. v. PCCare247 Inc.*, No. 12-CV-7189 (PAE), 2013 WL 841037, at *5 (S.D.N.Y. Mar. 7, 2013)). In short, Ryzhov fails to identify any method of service "reasonably calculated, under all the circumstances, to apprise" Malofeyev "of the pendency of the action." *Luessenhop*, 466 F.3d at 269. Accordingly, the motion as to Malofeyev must be and is denied.

## CONCLUSION

For the foregoing reasons, Ryzhov's motion is GRANTED as to Tsargrad Media and DENIED as to Konstantin Malofeyev.

With respect to Tsargrad Media, Ryzhov shall, within **thirty days of the date of this Memorandum Opinion and Order**, serve (1) a copy of the Summons and Second Amended Complaint and (2) a copy of this Memorandum Opinion and Order, in original form and translated into Russian, by all of the means set forth above, namely:

- By certified mail through the Russian Postal Service at 115093, Moscow, Partiyniy Lane, 1, B.57, P.3, Floor 1, Premises I, Room 45;

- By email sent to tsargradtv@gmail.com, info@tsargrad.tv, press@tsargrad.tv, and reference@tsargrad.tv;

- By publication on the website of Current Time media, if permitted; and

- By social media through (a) posting on Plaintiff's VK account and (b) direct messaging Tsargrad Media's VK and Facebook accounts as well as Elena Sharoykina's Facebook account.

Within **one week** of serving Tsargrad Media through all of the above means, Ryzhov shall file proof of such service with the Court.

4

Ryzhov is granted until **January 26, 2024**, to serve Malofeyev. If he has not filed proof of service on Malofeyev by that date, the Court will dismiss the claims against Malofeyev without further notice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 20, 2023
New York, New York

_____
JESSE M. FURMAN
United States District Judge