UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                  :
EVGENY RYZHOV,                                   :
                                                  :
                           Plaintiff,                  :
                                                  :                23-CV-1072 (JMF)
                        -v-                        :
                                                  :                     ORDER
KONSTANTIN MALOFEYEV et al.,                :
                                                  :
                           Defendant.          :
                                                  :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       The Court previously granted Plaintiff, who is proceeding without counsel, until January 26, 2024, to serve Defendant Malofeyev. *See* ECF No. 56. Plaintiff timely submitted an Affidavit of Service indicating that personal service had been effected — namely, that at Malofeyev's direction, and in Malofeyev's presence "at the location known as Malofeyev Estate," one of his bodyguard "accepted the documents on his behalf," ECF No. 62-1; *see* ECF Nos. 61 & 62. Recognizing the practical impossibility of effectuating service upon defendants in Russia pursuant to the Hague Service Convention, courts have regularly found alternate service pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure to be appropriate in this context, provided that such alternate service is constitutionally permissible. *See, e.g.*, *Arista Records LLC v. Media Services LLC*, 6-CV-15319 (NRB), 2008 WL 563470, at *2 (S.D.N.Y. Feb. 25, 2008); *Bidonthecity.com LLC v. Halverston Holdings Ltd.*, No. 12-CV-9258 (ALC), 2014 WL 1331046, at *8-10 (S.D.N.Y. Mar. 31, 2014). And there is reason to believe that the method of service Plaintiff offers proof of could "comport[] with constitutional due process" — that is, that it may be "reasonably calculated, under all circumstances, to apprise [Malofeyev] of the pendency of the action," *Paushok v. Ganbold*, 487 F. Supp. 3d 243, 245 (S.D.N.Y. 2020) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

       Significantly, however, Plaintiff did not seek *prior* approval from the Court for alternate service. *See* Fed. R. Civ. P. 4(f)(3). As the Court has already indicated, *see* ECF No. 40, at 1, "retroactive approval of a method of service pursuant to Rule 4(f)(3) is impermissible," *In re Fairfield Sentry Ltd.*, No. 10-13164 (SMB), 2020 WL 7345988, at *14 (S.D.N.Y. Dec. 14, 2020); *accord F.T.C. v. Pecon Software Ltd.*, Nos. 12-CV-7186, 12-CV-7188, 12-CV-7191, 12-CV-7192 & 12-CV-7195 (PAE), 2013 WL 4016272, at *9 (S.D.N.Y. Aug. 7, 2013); *see also Integr8 Fuels, Inc. v. OW Bunker Panama SA*, No. 16-CV-4073 (VSB), 2017 WL 11455309, at *3 (S.D.N.Y. Feb. 2, 2017) (noting that the only cases in which courts have retroactively blessed service pursuant to Rule 4(f)(3) are cases in which it is apparent that the defendant had actual notice of the action). Accordingly, the Court cannot retroactively deem proper the purported service upon Malofeyev.

     Recognizing that Plaintiff has made a good faith effort to timely effectuate service on Malofeyev, the Court grants Plaintiff one further extension of time, until **March 22, 2024**, to serve Malofeyev. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

     SO ORDERED.

Dated: February 5, 2024
      New York, New York

                                          JESSE M. FURMAN
                                       United States District Judge