UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
            :
EVGENY RYZHOV,            :
            :
           Plaintiff,            :
            :      23-CV-1072 (JMF)
      -v-            :
            :    MEMORANDUM OPINION
KONSTANTIN MALOFEYEV et al.,            :        AND ORDER
            :
           Defendants.            :
            :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff has filed motions for default judgment against Defendants Konstantin Malofeyev and Tsargrad Media, the only two Defendants remaining in this case, *see* ECF Nos. 79 & 91, and a default judgment hearing is currently scheduled for June 26, 2024. But the Court cannot enter default judgment against Defendants over which it does not have personal jurisdiction. *See, e.g.*, *Burns v. Scott*, 635 F. Supp. 3d 258, 273 (S.D.N.Y. 2022) ("Personal jurisdiction is a necessary prerequisite to entry of a default judgment." (internal quotation marks omitted)). And upon reflection and review of Plaintiff's motion papers, the Court is skeptical that it has personal jurisdiction over Defendants Malofeyev and Tsargrad Media.

      Plaintiff appears to assert that the Court may exercise either "general jurisdiction" or "specific jurisdiction" over Defendants. *See* ECF No. 82, at 10-21; ECF No. 93, at 16-24. Plaintiffs' allegations with respect to the former, however, appear to fall well short of the high bar for establishing that Defendant's "affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Fuld v. Palestine Liberation Org.*, 578 F. Supp. 3d 577, 584 (S.D.N.Y. 2022) (quoting *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016)); *see also Daimler AG v. Bauman*, 571 U.S.

117, 138-39 (2014) (holding that general jurisdiction is appropriate only where an out-of-state defendant's "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State" (internal quotation marks omitted)). Nor does the case seem to fit the parameters of the so-called "exceptional case" doctrine exemplified by *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952), in which a company organized under the laws of the Philippine Islands shifted nearly all of its core operations to be run out of Ohio during the Japanese occupation of the Islands, *see id.* at 448.

Plaintiff's allegations of specific jurisdiction also appear to fall short. "A court may exercise 'specific or conduct-linked jurisdiction' where there is a sufficient 'affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum state and is therefore subject to the State's regulation.'" *Id.* (quoting *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014)). Contrary to Plaintiff's suggestion, ECF No. 93, at 20-21, it is not enough to say that some economic or other injury was *felt* in New York: "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Whitaker v. American Telcasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990)). Plaintiff spends some time discussing Defendant's activities within New York, but it is doubtful that he has shown "'an articulable nexus,' or a 'substantial relationship,' between the claim asserted and the actions that occurred in New York." *Boehm v. SportsMem, LLC*, No. 18-CV-556 (JMF), 2019 WL 3239242, at *1 (S.D.N.Y. July 18, 2019) (quoting *Henderson v. INS*, 157 F.3d 106, 123 (2d Cir. 1998)).

Finally, Plaintiff's reliance on 18 U.S.C. § 1985(b), *see* ECF No. 93, at 21-22, appears misplaced because "personal jurisdiction over at least one defendant must be present through

traditional means before one may invoke the nationwide service of process provision of 18 U.S.C. § 1965(b)." *Bayshore Cap. Advisors, LLC v. Creative Wealth Media Fin. Corp.*, 667 F. Supp. 3d 83, 118 (S.D.N.Y. 2023); *see also id.* ("The Second Circuit has held that 18 U.S.C. § 1965 'does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found.'" (quoting *PT United Can Co. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 71 (2d Cir. 1998))). And *Petroleos Mexicanos v. SK Engineering & Construction Co.*, 572 F. App'x 60 (2d Cir. 2014), which Plaintiff cites for the proposition that "personal jurisdiction over a defendant can be endorsed if its racketeering activity . . . was directed from or to the United States," ECF No. 82, at 18, speaks only to the "extraterritorial application of RICO," not to personal jurisdiction, 572 F. App'x at 61.

The Court would be on firm ground dismissing the case for lack of personal jurisdiction as Plaintiff has already briefed the issue at length. *See* ECF No. 82, at 10-21; ECF No. 93, at 16-24. But mindful of Plaintiff's *pro se* status, and if only out of an abundance of caution, the Court will give Plaintiff one further opportunity to persuade the Court that it has personal jurisdiction over Defendants. Accordingly, it is hereby ORDERED that Plaintiff show cause in writing by memorandum of law **not to exceed ten pages** and **no later than July 10, 2024**, why this Court has personal jurisdiction over Defendants Malofeyev and Tsargrad Media. If Plaintiff does not file anything by that date or does not show good cause, the case may be dismissed without further notice for lack of personal jurisdiction.

In light of the foregoing, the default judgment hearing scheduled for June 26, 2024, is hereby ADJOURNED *sine die*. In the event that Plaintiff makes a persuasive showing that personal jurisdiction is proper, the Court will enter an Order providing further guidance. The Court reserves judgment on the merits of Plaintiff's claims and the propriety of the damages that

he seeks (as to both of which the Court also has significant doubts).

Plaintiff shall serve a copy of this Order upon Tsargrad Media by all of the means approved by the Court as sufficient alternate service, ECF No. 53, at 3-4, and upon Malofeyev by mail to his last known residence, **within five business days of this Order**.  Plaintiff shall file proof of service **within three business days of such service**.

SO ORDERED.

Dated: June 24, 2024  
      New York, New York

                                                                  JESSE M. FURMAN  
                                                            United States District Judge