UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                       :

EVGENY RYZHOV,                          :

                  Plaintiff,       :             23-CV-1072 (JMF)

           -v-                      :

                         :        MEMORANDUM OPINION
KONSTANTIN MALOFEYEV et al.,   :         AND ORDER

               Defendants.    :

                         :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, Plaintiff Evgeny Ryzhov, proceeding without counsel, moved for entry of default judgments against Defendants Konstantin Malofeyev and Tsargrad Media. *See* ECF Nos. 79, 91. On June 24, 2024, the Court filed a Memorandum Opinion and Order expressing doubt that it has personal jurisdiction over Defendants. *See* ECF No. 104 ("OTSC Mem. Op."), at 1. After explaining why Ryzhov's proffered grounds for personal jurisdiction appeared to fall short, *see id.* at 1-3, the Court ordered him to "show cause in writing . . . why this Court has personal jurisdiction over Defendants Malofeyev and Tsargrad Media," cautioning that if Ryzhov "does not show good cause, the case may be dismissed without further notice for lack of personal jurisdiction," *id.* at 3. On July 10, 2024, Ryzhov filed his response. ECF No. 106 ("Pl.'s Mem.").[1] Upon review of Ryzhov's submission (and his

---

[1]     Ryzhov requests a hearing on the ground that he was "unable to fully and thoroughly present all the grounds for personal jurisdiction over the Defendants" in the pages he was allotted to show cause. *See* Pl.'s Mem. 3. That request is frivolous. Ryzhov filed not one, but two motions for default judgment, and was granted generous page extensions for both. *See* ECF Nos. 78, 99. Indeed, the Court noted in its prior Memorandum Opinion and Order that it "would be on firm ground dismissing the case for lack of personal jurisdiction as Ryzhov has already briefed the issue at length." OTSC Mem. Op. 3. Further, nothing in Ryzhov's submissions suggests that further briefing or a hearing would alter the Court's analysis or conclusion.

earlier submissions), the Court concludes that personal jurisdiction is indeed lacking and, thus, that the case must be dismissed. *See, e.g.*, *Burns v. Scott*, 635 F. Supp. 3d 258, 273 (S.D.N.Y. 2022) ("Personal jurisdiction is a necessary prerequisite to entry of a default judgment." (internal quotation marks omitted)).

Much of Ryzhov's response to the Court's Order to Show Cause is dedicated to arguing that the Court may exercise general jurisdiction over Defendants. *See* Pl.'s Mem. 3-9. Ryzhov principally relies on a consent-based theory of jurisdiction, citing the Supreme Court's recent decision in *Mallory v. Norfolk S. Railway Co.*, 600 U.S. 122 (2023). Ryzhov offers *Mallory* for its observation that "a variety of 'actions of the defendant' that may seem like technicalities nonetheless can 'amount to a legal submission to the jurisdiction of a court.'" *Id.* at 146 (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704-05 (1982)). That may be so, but he offers no facts to suggest that Defendants consented to jurisdiction in New York in any manner that would suffice under *Mallory* (or any other authority). Ryzhov also continues to press the argument that this case falls within the "exceptional case" doctrine of general jurisdiction. *See* Pl.'s Mem. 7-9. But assuming without deciding that there even is such a doctrine, Ryzhov offers nothing to disturb the Court's earlier observation that "the case [does not] fit the parameters of" that doctrine. *See* OTSC Mem. Op. 2; *see also Starostenko v. UBS AG (A Swiss Bank)*, No. 19-CV-9993 (KPF), 2023 WL 34947, at *6-7 (S.D.N.Y. Jan. 4, 2023) (rejecting reliance on the "exceptional case doctrine," explaining that it "focuses on the extent of the defendant's ties to the forum").

Ryzhov also argues, albeit only briefly, that the Court has specific jurisdiction over Defendants, contending vaguely that "Defendants created and disseminated defamatory statements through social media, websites, and hosting services controlled by them, including

those located in this State"; that Defendants "disseminated the defamation through their agents, including employees of the Russian Consulate located [in New York]"; and that "a resident of New York State and agent of the Defendants[] may have been involved in the dissemination of these defamatory statements."  Pl.'s Mem. 9-10.  But Ryzhov's allegations continue to fall short of showing "'an articulable nexus,' or a 'substantial relationship,' between the claim asserted and the actions that occurred in New York."  *Boehm v. SportsMem, LLC*, No. 18-CV-556 (JMF), 2019 WL 3239242, at *1 (S.D.N.Y. July 18, 2019) (quoting *Henderson v. INS*, 157 F.3d 106, 123 (2d Cir. 1998)); *see also* OTSC Mem. Op. 2.

Accordingly, this case must be and is DISMISSED without prejudice for lack of personal jurisdiction.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment consistent with this Memorandum Opinion and Order and to close the case.

SO ORDERED.

Dated: July 22, 2024
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

3